**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KIM MILLBROOK,

    Plaintiff - Appellant,

v.

MATEVOUSIAN, Warden, individual capacity; HIMLIE, Health Care Admin, individual capacity; SANCHEZ, Nurse, individual capacity; FIRTH, Nurse, individual capacity; ROSS, Correctional Officer; individual capacity; MORRIS, Correctional Officer, individual capacity; LOVELACE, Correctional Officer, individual capacity; HANSEN, Counselor, individual capacity; ROBINSON, Case manager, individual capacity; OSLAND, Case manager, individual capacity; HUDDLESTON, EMT, individual capacity; PORCO, Unit Manager, individual capacity; OBOS, Doctor, individual capacity; SCROSKI, Physician Assistant, individual capacity; AMAYA, Supervisor, individual capacity,

    Defendants - Appellees.

No. 19-1423
(D.C. No. 1:19-CV-02395-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.
_____

Kim Millbrook, a pro se federal prisoner, appeals from a district court order that denied his motion for a preliminary injunction. Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm.

## BACKGROUND

Millbrook is a prisoner at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. On August 22, 2019, he filed a pro se motion for a preliminary injunction, alleging that prison officials retaliated against him for filing lawsuits, threatened and assaulted him, denied him medical treatment, interfered with his access to courts, and confiscated his blood-pressure and cholesterol medications. On August 27, the district court denied the motion without prejudice, explaining that (1) Millbrook's allegations were vague and failed to show imminent danger of irreparable harm; and (2) he had not yet filed a complaint, which would indicate whether he might succeed on the merits of his action. The district court ordered him to cure those deficiencies within thirty days.

On the same day that the district court issued its order denying a preliminary injunction, Millbrook filed a 58-page, handwritten, pro se complaint, together with

2

102 pages of attachments.[1]  A few days later, he sought reconsideration of the district court's order.

The district court screened the complaint, noted multiple pleading problems, and directed Millbrook to file an amended complaint.  Further, the district court declined to reconsider its denial of his motion for an injunction because Millbrook offered no new arguments or information in support of an injunction and because his complaint did not seek injunctive relief.  But the district court directed Millbrook to include his request for injunctive relief in the amended complaint.

Instead of filing an amended complaint, Millbrook filed another motion for reconsideration and requested an evidentiary hearing to prove that his complaint and first reconsideration motion "were filed in the proper context."  R. at 461.  He also moved to recuse the district court judge for "misquoting [his] claims."  *Id.* at 453.  The district court denied Millbrook's motions and it again directed him to file an amended complaint.

In response, Millbrook appealed, designating the district court's order denying his motion for a preliminary injunction.

## DISCUSSION

"We review the district court's denial of a preliminary injunction for [an] abuse of discretion."  *Wilderness Workshop v. BLM*, 531 F.3d 1220, 1223 (10th Cir. 2008).  "An abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling."  *Utah*

---

[1] It appears the District Court Clerk docketed Millbrook's complaint two hours before docketing the order denying injunctive relief.

3

*Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065 (10th Cir. 2001) (internal quotation marks omitted). Because Millbrook is pro se, we liberally construe his filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm if the injunction is denied; (3) the threatened injury outweighs the harms the injunction may cause the opposing party; and (4) the injunction will not adversely affect the public interest. *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). "[B]ecause a preliminary injunction is an extraordinary remedy, the [movant's] right to relief must be clear and unequivocal." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in denying Millbrook's motion for a preliminary injunction. When the district court issued its order, it was unaware that Millbrook had contemporaneously filed a complaint. And without Millbrook's complaint, the district court could not determine whether he was substantially likely to succeed on the merits. *See Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (observing that the party seeking a preliminary injunction "must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint" (internal quotation marks omitted)); *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that a preliminary injunction requires "clear proof that [the movant] will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief"). Thus, the district

4

court took appropriate action by denying Millbrook's motion without prejudice and directing him to file a complaint.[2]

Moreover, the district court determined that the motion for a preliminary injunction lacked specific facts showing that Millbrook is in imminent danger of suffering irreparable harm. The district court gave him the opportunity to correct that deficiency. On appeal, he offers no specific argument as to the pleading sufficiency of his motion for injunctive relief. "[A] generalized assertion of error" does not preserve an issue for appellate review, and "we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted).

**CONCLUSION**

We affirm the district court's order denying injunctive relief. We grant Millbrook's motion to proceed in forma pauperis on appeal, and we remind him of his

---

[2] Even if the district court could have detected Millbrook's complaint before issuing its order, we perceive no abuse of discretion in denying injunctive relief. In particular, Millbrook's complaint lacks a clear request for injunctive relief. *See* R. at 298 ("Request for Relief" section of the complaint mentioning only declaratory and monetary relief). And the complaint's lengthy and rambling character obscures the relationship between the injuries claimed in the motion for a preliminary injunction and the conduct alleged in the complaint. Given the uncertain "relation between temporary and permanent relief," Millbrook failed to carry his burden of showing "that he will probably prevail when the merits are tried." *Penn*, 528 F.2d at 1185.

obligation to continue making partial payments until the entire filing fee has been paid in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court


Jerome A. Holmes
Circuit Judge